**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Joetta P. Whitlock, Trustee of the Joetta P. Whitlock Trust, | ) ) ) | **CASE NO. 4:10-CV-01992-RBH** |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION** |
| Stewart Title Guaranty Company, | ) ) ) | **FOR SUMMARY JUDGMENT AS TO LIABILITY ONLY** |
| Defendant. | ) | |

The Plaintiff has previously filed a Response to Defendant's Motion for Summary Judgment (Document No. 18) on May 19, 2011. The Plaintiff believes that she is entitled to summary judgment based on the documents provided, the insurance policy and the affidavits. (See Document No. 18).

The Plaintiff submits that there is no question that Plaintiff purchased an Owner's Title Insurance Policy from Defendant and that this property is subject to a spoils easement in favor of the United States Government. (See Defendant's Response to Plaintiff's Request for Admission dated September 8, 2010 (Document No. 18-3)).

Further, Plaintiff timely notified Defendant of the claim and thus the only issue in this case is the amount of damages under the policy. Plaintiff's actual loss is $410,000.00 which was paid by Plaintiff for the land in question. This fact is disputed by Defendant which argues that Defendant is liable only for the current market value of the property which is $65,000.00. Because there is an issue of fact as to the damages, Plaintiff believes this is the only issue which should be tried by the Court. Further, Plaintiff requests this Court find pursuant to *Stanley v. Atlantic Title Ins. Co.*, 377 S.C. 405, 661 S.E.2d 62 (2008) that the purpose of title insurance is to "put the insured in the

position that he thought he occupied when the policy was issued." 661 S.E.2d at 63. Here, the Plaintiff purchased a policy which protected her up to $410,000.00 and the policy makes no mention of any exception in that regard. As a result, Plaintiff believes that she is entitled as a matter of law for a judgment pursuant to Section 6 of the title insurance policy which states:

> 6. LIMITATION OF THE COMPANY'S LIABILITY
> a. We will pay up to <u>your actual loss or the Policy Amount in force when the claim is made</u>--whichever is less.

In this case, Plaintiff's actual loss is $410,000.00 and the policy amount is $410,000.00. Plaintiff is unable to build on the property in question and thus the property has no value to the Plaintiff since it cannot be used for its primary purpose which is to build a single family residence.

Accordingly, Plaintiff moves for summary judgment as to liability with the issue of damages to be heard by a jury.

KELAHER, CONNELL & CONNOR, P.C.


<u>s/Gene M. Connell, Jr.</u>
Gene M. Connell, Jr. (Fed. I.D. No. 236)
The Courtyard, Suite 209
1500 U. S. Highway 17 North
Post Office Drawer 14547
Surfside Beach, South Carolina  29587-4547
(843) 238-5648 (phone)
(843) 238-5050 (facsimile)
gconnell@classactlaw.net
**Attorney for Plaintiff**

July 7, 2011
Surfside Beach, South Carolina