UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Joetta P. Whitlock, Trustee of the ) <br> Joetta P. Whitlock Trust, ) <br> ) <br>            Plaintiff, ) <br>    vs. ) <br> ) <br> Stewart Title Guaranty Company, ) <br> ) <br>            Defendant. ) <br> _____) | Civil Action No.: 4:10-cv-01992-RBH <br><br><br><br> **O R D E R** |

This is an action in which Plaintiff, Joetta P. Whitlock, Trustee of the Joetta P. Whitlock Trust, seeks damages against the defendant, Stewart Title Guaranty Company, for breach of contract based on an owner's title insurance policy issued by the defendant to the plaintiff. The case is before the Court on cross motions for summary judgment. A hearing was held on July 26, 2011, with appearances by Gene Connell, Jr., counsel for the plaintiff, and Louis Lang, counsel for the defendant.

The undisputed facts show that on October 30 2006 the plaintiff purchased for cash a lot located at 2330 John Henry Lane, Myrtle Beach, South Carolina for $410,000.00. The lot borders on the Intra-coastal Waterway. Plaintiff purchased an owner's title insurance policy from the defendant at closing for the face amount of $410,000, the amount of the purchase price. In January of 2010, the plaintiff went to the Horry County Building Department to begin the process of obtaining a building permit to construct a home on the property. Plaintiff learned that the United States Army Corps of Engineers had a spoilage easement on the property for dredging the Intracoastal Waterway and that the easement had been on the property since the 1930s. (*See* copy of easement at Docket Entry # 29-1). Plaintiff also learned about the existence of a county resolution (R-143-03, Docket Entry # 18-3) which had been in effect since 2003. The resolution allowed the issuance of building

1

permits in the area for repair, remodeling, and replacement of existing structures but continued the County's previous policy not to otherwise allow building permits. The resolution allowed mobile homes to be replaced only by mobile homes. (Docket Entry # 15-2). It is undisputed that the easement and resolution were in effect at the time the title policy was issued.

Plaintiff filed this action in state court on April 6, 2010. The defendant removed the case to this court on the basis of diversity of citizenship.

In its motion for summary judgment, Defendant Stewart Title Guaranty Company contends that the lawsuit should be dismissed because the plaintiff failed to give proper notice to the defendant of the claim[1]; that Exclusion 1 of the policy, which excludes losses from the exercise of governmental police power, bars the claim; and that the value of any loss should be measured as of the date of discovery of the title defect. Plaintiff has moved for summary judgment on liability only and contends the case presents jury issues regarding damages.

At the hearing, the Court requested additional briefing on the issue of damages. Therefore, this order pertains only to liability. An issue relating to damages will be certified to the South Carolina Supreme Court by separate order.

### *Summary Judgment Standard*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

---

[1] At the hearing on the cross motions for summary judgment, the defendant withdrew its motion on the basis of notice, so the Court will not discuss that ground in this order.

admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp.,* 477 U.S. at 322.

### *ISSUE:*  Does Policy Exclusion 1 exclude coverage?

Defendant asserts that Exclusion 1 bars coverage in this case. That exclusion provides:

In addition to the exceptions in Schedule B, you are not insured against loss, costs, attorneys' fees and expenses resulting from:
1. Governmental police power, and the existence or violation of any law or government regulation. This includes building and zoning ordinances and also laws and regulations concerning:
•land use
•improvements on the land
•land division
•environmental protection
**This exclusion does not apply to violations or the enforcement of these matters which appear in the public records at Policy Date.**
**This exclusion does not limit the zoning coverage described in Items 12 and 13 of**

3

>  **the covered title risks.** (Emphasis added).

The "Covered Title Risks" of the policy state that the policy covers "the following title risks, if they affect your title on the Policy Date":

> "10.  Someone else has an easement on your land. . . 13.  You cannot use the land because use as a single-family residence violates a restriction shown in Schedule B or an existing zoning law.   14.  Other defects, liens or encumbrances."

The policy defines "easement" as "the right of someone else to use your land for a special purpose."  It defines "public records" as title records that give constructive notice of matters affecting your title-according to the state statutes where your land is located." The policy does not define "single-family residence".

"As with contracts generally, the cardinal principle in construing insurance contracts is that the intention of the parties controls." *Poston v. National Fidelity Ins. Co.*, 303 S.C. 182, 185, 399 S.E.2d 770 (1990). Where the terms of a contract are clear and unambiguous and capable of only one reasonable interpretation, the court should construe the contract. *Hansen ex rel. Hansen v. United Services Automobile Ass'n*, 350 S.C. 62, 565 S.E.2d 114 (S.C.App. 2002).  "Whether a contract is ambiguous is to be determined from the entire contract and not from isolated portions of the contract. . . A contract is ambiguous only when it may fairly and reasonably be understood in more ways than one. . . Common sense and good faith are the leading touchstones of the inquiry." *Farr v. Duke Power Co*., 265 S.C. 356, 218 S.E.2d 431 (1975). "Even if an ambiguity exists in a contract, extrinsic evidence may not be considered if the ambiguity is a patent ambiguity." *Beaufort County School Dist. v. United Nat. Ins. Co*., 392 S.C. 506, 709 S.E.2d 85, 95 (Ct. App. 2011). "A patent ambiguity is one that arises upon the words of a will, deed, or contract. . . A latent ambiguity exists when there is no defect arising on the face of the instrument, but arising when attempting to apply the words of the instrument to the object or subject described . . .Interpretation of an

4

unambiguous policy, or a policy with a patent ambiguity is for the court." *Id*.

A contract is ambiguous when it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who (1) has examined the context of the entire integrated agreement and (2) is cognizant of the customs, practices, usages, and terminology as generally understood in the particular trade or business. *Laser Supply and Services, Inc. v. Orchard Park Associates*, 676 S.E.2d 139 (S.C. App. 2009).

Insurance contracts are construed against the drafter, and in favor of coverage for the insured. *General Acc. Ins. Co. v. Safeco Ins. Companies*, 314 S.C. 63, 443 S.E. 2d 813 (Ct. App. 1994). Insurance policy exclusions are construed "most strongly against the insurance company, which also bears the burden of establishing the exclusion's applicability." *Owners Ins. Co. v. Clayton*, 364 S.C. 555, 614 S.E.2d 611, 614 (2005). The rule that insurance contracts must be construed against the insurer applies to title insurance contracts. *First Carolinas Joint Stock Land Bank of Columbia v. New York Title*, 172 S.C. 435, 174 S.E. 402 (1934). Title insurance "is designed to save (the insured) harmless from any loss through defects, liens, or encumbrances that may affect or burden his title when he takes it." *Firstland Village Associates v. Lawyer's Title Insurance Co.*, 277 S.C.184, 284 S.E.2d 582 (1981).

Exclusion Number 1 does not apply, by its specific terms, to the situation in the case at bar. First, the exclusion provides that it does not apply to "violations or the enforcement of these matters which appear in the public records at Policy Date." It is uncontroverted that, as shown by the affidavits of the real estate attorney (Exhibit F to Docket Entry # 18) and title examiner (Exhibit E to Docket Entry # 18), the spoilage easement was of record and available for title examination in South Carolina before the issuance of this policy. *See* Docket Entry # 29-1, Deed from Julia R. Sessions to State of South Carolina, recorded November 9, 1931. Defendant argues that the Horry

County resolution, although in existence at the time of the closing, does not constitute a "public record" under state statute, citing S.C. Code Ann. § 30-7-10 (1976). Section 30-7-10 provides that all deeds, mortgages, liens, and "generally *all instruments in writing conveying an interest in real estate* required by law to be recorded in the office of the register of deeds . . .are valid so as to affect the rights of subsequent creditors . . . or purchasers for valuable consideration without notice, only from the day and hour when they are recorded in the office of the register of deeds. . . where the real property affected is situated." (Emphasis added).  Plaintiff contends that a government regulation is inherently a public record and that, as a result, the policy provides coverage.

The court must construe the policy exclusion against the drafter and must also consider the purpose of the policy, read as a whole.  The title policy provides broad coverage for title problems caused by zoning laws and for laws and regulations concerning land use and improvements on the land. Zoning designations are part of the "public records." *See Carolina Chloride, Inc. v. Richland County*, No. 27013, 2011 WL 3206901, at * 4 (S.C. July 25, 2011), rehearing granted, September 22, 2011 . Here, the insurance company was the drafter of the contract.  It could have easily defined the term "public record" as not covering zoning laws. *See also, New England Federal Credit Union v. Stewart Title Guarantee Co*., 171 Vt. 326, 765 A.2d 450, 456 (2000) ("Finally, we note that Stewart Title could have readily achieved the more narrow definition of public records that it seeks here simply by excluding from the definition certain locations where public records containing information about matters relating to land are maintained. . . Unlike the Stewart Title policy, however, the title insurer in [another case] added language explaining that, "without limitation, such records shall not be construed to include records in any of the offices of federal, state or local environmental protection, zoning, building, health or public safety authorities.")  Therefore, the exclusion does not apply as a matter of law because the term "public record", although defined, is

patently ambiguous and should be construed as covering local zoning regulations.[2]

Additionally, Exclusion 1 states that it does not limit the zoning coverage described in Items 12 and 13 of the covered title risks. Item 13 of the covered title risks refers to zoning laws that prohibit use of the property as a single-family residence. Again, "single family residence" is not defined in the policy. Plaintiff argues that "single family residence" ordinarily means site-built homes, while Defendant argues that it also includes mobile homes. The undisputed facts are that Horry County will not allow the plaintiff to obtain a permit to build a site-built home on the property and that she has a mobile home on the property. The Court finds that the term "single-family residence" is patently ambiguous and must be construed against the drafter so as not to include a mobile home. Therefore, the plaintiff cannot use the land for a single-family residence because of the zoning law, and Exclusion 1 does not apply.

On the basis of the above, the Court finds that Exclusion Number 1 does not apply as a matter of law.

### *Conclusion*

The Court has carefully examined the record in the case at bar and has determined that no genuine issue of material fact exists as to liability, and judgment as a matter of law for the plaintiff as to liability is appropriate. For the foregoing reasons, the undersigned grants the plaintiff's [25] Motion for Summary Judgment as to liability and denies the defendant's [15] Motion for Summary Judgment, as it pertains to liability. The Court reserves ruling on the defendant's [15] Motion for

---

[2] Interestingly, the exceptions contained in Schedule B of the title policy exclude coverage for several matters that are not listed in the recording statute. The policy lists "2. increase or decrease in area due to rise and fall of tidewaters of the Intracoastal Waterway." It also lists rights of the State of South Carolina and the South Carolina Coastal Council as provided by statute or regulation. (Exception Numbers 3, 4, 5, and 6). It also refers to rights of the public to use the property as a public beach. (Exception 8).

Summary Judgment insofar as it relates to damages, as the Court is certifying a question to the South Carolina Supreme Court. The defendant's motion in limine (Docket Entry # 35) is taken under advisement.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Court Judge

October 3, 2011
Florence, South Carolina