IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Joetta P. Whitlock, Trustee of the ) <br> Joetta P. Whitlock Trust ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Stewary Title Guaranty Company, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No.: 4:10-cv-01992-RBH <br><br><br> **ORDER** |

This is an action in which Plaintiff, Joetta P. Whitlock, Trustee of the Joetta P. Whitlock Trust ("Plaintiff") seeks damages against Defendant, the Stewart Title Guaranty Company ("Defendant"), for breach of contract based on an owner's title insurance policy issued by Defendant to Plaintiff. As discussed below, after reviewing the record in this case, the Court finds that summary judgment on the issue of damages may be appropriate for Plaintiff in the amount of $410,000.00. Therefore, pursuant to Federal Rule of Civil Procedure 56(f)(1) and (3), the Court is providing all parties to this case with notice and a reasonable time to respond before granting a judgment independent of a motion.[1]

On October 3, 2011, this Court granted Plaintiff's Summary Judgment Motion as to liability in this matter, but certified the following question to the South Carolina Supreme Court on the issue of damages:

> In the case of a partial failure of title which is covered by an owner's title insurance policy, where the title defect cannot be removed, should the actual loss suffered by the insured as a result of that partial failure of title be measured by the diminution in value of the insured property as a result of the title defect as of the date of the purchase of the insured property, **or** as of the date of the discovery of the title defect?

---

[1] This Court is aware that Plaintiff has filed a motion to amend her Complaint to add an additional cause of action for bad faith. However, the Court is asking the parties to brief the issue of damages in the case as it currently stands.

[*See* Cert. Question, Doc. # 51.]

On October 17, 2012, the South Carolina Supreme Court denied a petition for rehearing and answered the certified question. [*See* Certified Answer, Doc. # 65.] Finding that ambiguities in an insurance policy should be interpreted most favorably to the insured, the Supreme Court held that "[i]n this case, the date the property was purchased is the proper valuation date." [*Id*.] Here, the undisputed facts show that on October 30, 2006, Plaintiff purchased for cash a lot located at 2330 John Henry Lane, Myrtle Beach, South Carolina for $410,000.00. Further, Plaintiff purchased an owner's title insurance policy from the defendant at closing for the face amount of $410,000, the amount of the purchase price.

Therefore, in light of the South Carolina Supreme Court's answer to this Court's certified question, coupled with the undisputed amount of the purchase price and the face amount of the title insurance policy, it appears that Plaintiff is entitled to damages as a matter of law in the amount of $410,000.00. However, because neither party has specifically moved for summary judgment on the above issue, this Court is obligated to afford all parties "notice and a reasonable time to respond" before entering judgment on these grounds and independent of any motion. *See* Fed. R. Civ. P. 56(f)(1), (3).

**IT IS THEREFORE ORDERED** that all parties to this case will have ten (10) calendar days to respond to this order by filing a brief regarding the appropriateness of entering a damages award for Plaintiff in the amount of $410,000.00.

**IT IS SO ORDERED.**

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
November 19, 2012