UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Joetta P. Whitlock, Trustee of the Joetta P. Whitlock Trust, | ) ) ) | Civil Action No.: 4:10-cv-01992-RBH |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| Stewart Title Guaranty Company, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

This action was removed to this Court on July 30, 2010. On May 2, 2011, Defendant Stewart Title Guaranty Company filed a Motion for Summary Judgment (ECF No. 15) as to liability and, in the alternative, for partial summary judgment as to the applicable date for determining damages. On July 7, 2011, Plaintiff filed a cross motion for summary judgment as to liability only. After hearing arguments, this Court granted the plaintiff's motion for summary judgment as to liability and denied the defendant's motion regarding liability. (ECF No. 49). It reserved ruling on the defendant's Motion for Summary Judgment insofar as it related to damages and the date of the valuation of the actual loss suffered by the insured because the court was certifying a question to the South Carolina Supreme Court. The Court also took the defendant's motion in limine [ECF No. 35] under advisement and stayed the case. On September 12, 2012, the South Carolina Supreme Court answered the certified question and held that the valuation date was the date of purchase of the property rather than the date of discovery of the defect, on the basis that ambiguities in insurance policies should be construed in favor of the insured. The state court denied the defendant's petition for rehearing on October 17, 2012. This Court then lifted the stay and issued

1

an order pursuant to Fed. R. Civ. P. 56(f), requiring the parties to brief the issue of whether summary judgment in favor of the plaintiff on the issue of damages in the amount of the purchase price of the property ($410,000.00) might be appropriate. (ECF No. 67). Both parties filed responses to this order. On November 8, 2012, Plaintiff filed a motion to amend her complaint to add a bad faith claim. Defendant filed a response in opposition to the motion, and Plaintiff filed a Reply.

**Summary Judgment Issues**

After reviewing the briefing by the parties in response to this Court's *sua sponte* order pursuant to Fed. R. Civ. P. 56(f), this Court has determined that it is not appropriate to grant Plaintiff judgment independent of a motion. The Court finds there are genuine issues of material fact as to the value of the property with and without the spoilage easement as of the date of purchase. *See Stanley v. Atlantic Title Ins. Co*., 377 S.E.2d 405, 661 S.E.2d 62 (2008).[1]

In its order entered on October 3, 2011 (ECF No. 49), this Court reserved ruling on the issue raised by the defendant regarding the valuation date for damages purposes. Now that the Supreme Court has answered the certified question as set forth above, the Court denies the defendant's motion as it relates to damages.

---

[1] Plaintiff's counsel has asserted in her response that the Court should exclude the second appraisal of Defendant's appraiser as beyond the deadlines set forth in the scheduling order. (The defendant's expert witness deadline was December 2, 2010, and the discovery deadline was June 11, 2011.) Plaintiff also requests the Court to allow her to obtain an expert appraiser if the defendant's new expert report is allowed. The Court is not inclined to allow either side to now conduct additional expert discovery or to submit any additional expert reports. Both sides have known about the potential issues, including the valuation date, and could have secured an expert opinion regarding the value of the property with and without the spoilage easement on both the date of purchase and the date of discovery. No good cause has been shown to reopen the expert period or to modify the deadlines concerning experts.

**Defendant's Motion in Limine (ECF No. 35)**

Defendant's motion in limine seeks to exclude the testimony of the plaintiff, Joetta P. Whitlock, on the issue of the difference in value of the property with and without the spoilage easement. It also seeks to exclude the entire testimony of William W. Deschamps, Jr., Esquire.

First, in regard to the testimony of the plaintiff, Rule 702 of the Federal Rules of Evidence includes "landowners testifying to land values" as experts. *See* Advisory Committee Notes to 1972 proposed rules. Plaintiff's testimony should be allowed assuming she lays a proper foundation. The defendant can cross-examine her, and the jury can then determine the weight of her testimony. *See Glendale LLC v. AMCO Ins. Co.*, No. 3:11-cv-3-RJC-DCK, 2012 WL 3025122, at *1 (W.D.N.C. July 24, 2012), citing *United States v. Sherrill*, 626 F.Supp.2d 1267, 1270 n.1 (M.D.Ga. 2009) (citing *United States v. 68.94 Acres of Land*, 918 F.2d 389, 397 (3rd Cir. 1990))("The Federal Rules of Evidence generally permit landowners to give opinion evidence as to the value of their land due to the special knowledge of property which is presumed to arise out of ownership.")

The plaintiff presents the testimony of Attorney Deschamps as an expert on real estate legal malpractice matters and as to the presence of the spoilage easement in the county real estate records. Additionally, Plaintiff submitted this witness to give an opinion as to the appropriate date of loss. Considering that the South Carolina Supreme Court has answered this Court's question regarding the date of loss, an expert witness would not be allowed to testify as to the date of loss. *See Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 366 (4th Cir. 1986)(It is the court's duty to explain the law to the jury.) The Court will, however, allow this witness to testify as to the step-by-step practices and procedures followed by title insurance companies, the handling of claims, and his

examination of the title showing the presence of the spoilage easement on the property.[2]

**Motion to Amend (ECF No. 62)**

On November 8, 2012, the plaintiff filed a Motion to Amend to add a claim for bad faith refusal to pay insurance benefits. (ECF No. 62). Defendant filed a response in opposition to the motion, and Plaintiff filed a Reply. After review of the arguments by the parties, the Court denies the plaintiff's motion. The deadline contained in this Court's scheduling order for amended pleadings was October 4, 2010. Fed. R. Civ. P. 16(b)(4) provides that a court's scheduling order "may be modified only for good cause and with the judge's consent." After the deadlines set forth in a scheduling order have passed, the good cause standard of Rule 16 must be satisfied instead of the "when justice requires" requirement of Rule 15. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295 (4th Cir. 2008). The "good cause" requirement of Rule 16(b)(4) is unlike the more lenient standard of Rule 15(a) in that it does not focus on the bad faith of the movant or the prejudice to the opposing party but rather the diligence of the party seeking the amendment. *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co*., 986 F.Supp. 959, 980 (D.S.C. 1997). "Good cause" means that scheduling order deadlines cannot be met despite a party's diligent efforts. *Id*. (Citing 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990)); *see also* Advisory Committee's note to 1983 amendments to Rule 16.

Plaintiff cites as a basis for her bad faith claim this Court's grant of summary judgment on the issue of liability which dealt with the defendant's affirmative defense based on exclusion number 1. However, although the court did not grant summary judgment on the issue until October

---

[2] In light of the state Supreme Court's ruling as to the date to be used for valuation of the loss, it is u nclear whether Plaintiff still intends to use this witness and for what purpose. Defendant may be willing to stipulate that the spoilage easement affects the property.

4

of 2011, the defendant's amended answer had asserted the exclusion as an affirmative defense early in the case. Additionally, the plaintiff did not seek any discovery regarding the claims administration process or the assertion of the exclusion as a defense. This case should be ready for trial. If the Court allowed the amendment, then further discovery would be required and the issues in the case would be expanded. Further, it would appear that any bad faith claim would be futile in light of the dissent by Justice Pleicones to the certification opinion by the South Carolina Supreme Court, which agreed with the defendant regarding the valuation date. If there are reasonable grounds for contesting a claim, then there is no bad faith denial of benefits. *Mixson, Inc. v. Am. Loyalty Ins. Co.*, 349 S.C. 394, 562 S.E.2d 659 (Ct. App. 2002). The plaintiff's motion to amend is accordingly denied.

## CONCLUSION

The plaintiff's [62] motion to amend complaint is DENIED. The defendant's [35] motion in limine is GRANTED IN PART AND DENIED IN PART. Further, there are genuine issues of material fact as to the value of the property with and without the spoilage easement as of the date of purchase, and summary judgment is not appropriate.

Jury selection in the case shall be scheduled for January 10, 2013. The parties should re-submit their requests to charge and pretrial briefs reflecting the Supreme Court's answer to the certified question no later than January 3, 2013.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

December 11, 2012
Florence, South Carolina